

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Criminal Action No.: 3:24-406-MGL-1 |
| § | |
| FREDERICK SIOU BEAUFORT, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**

### I. INTRODUCTION

Pending before the Court is Defendant Frederick Siou Beaufort's (Beaufort) motion to dismiss the indictment in this case as unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).

Having considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Beaufort's motion will be denied.

### II. FACTUAL AND PROCEDURAL BACKGROUND

A grand jury indicted Beaufort for knowingly possessing a firearm and ammunition having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime, in violation of 18 U.S.C. §§ 922(g)(1) (Section 922(g)(1)), 924(a)(8), and 924(e).

Beaufort thereafter filed a motion to dismiss the indictment, claiming Section 922(g)(1) is unconstitutional on its face and as applied to him. The government opposes the motion.

Having been fully briefed on the relevant issues, the Court determines oral argument is unnecessary and is now prepared to adjudicate the motion.

### III.     DISCUSSION AND ANALYSIS

Under Federal Rule of Criminal Procedure 12(b), the Court should dismiss criminal charges in an indictment "where there is an infirmity of law in the prosecution[,]" such as an unconstitutional statute. *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (quoting *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010)).

The Second Amendment to the United States Constitution provides "[a] well[-]regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

In *Bruen*, the Supreme Court explained the standard for assessing Second Amendment claims as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

597 U.S. at 24 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)).

#### A.     *Whether Section 922(g)(1) is unconstitutional on its face*

"A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Indeed, "[t]he

Supreme Court has instructed that facial challenges are 'disfavored' because they 'often rest on speculation,' 'short circuit the democratic process,' and 'run contrary to the fundamental principle of judicial restraint.'" *Bianchi v. Brown*, 111 F.4th 438, 452 (4th Cir. 2024) (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450–51 (2008)).

Beaufort argues Section 922(g)(1) is unconstitutional on its face because the plain text of the Second Amendment covers the prohibited conduct, and the provision is inconsistent with the Nation's historical tradition of firearm regulation. The government, on the other hand, asserts Beaufort's facial challenge should fail because the Second Amendment's protections fail to extend to non-law-abiding citizens, and Section 922(g)(1) comports with the Nation's tradition of firearm regulation.

The Court will first take a brief look at Second Amendment jurisprudence prior to *Bruen*.

In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court recognized the Second Amendment protects the right of law-abiding citizens to possess a handgun in their home for lawful purposes, such as self-defense. The majority recognized in dicta, however, "the right secured by the Second Amendment is not unlimited[.]" *Id.* at 626. In other words, "the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.*

After *Heller*, most circuit courts, including the Fourth Circuit, developed a two-part test for assessing Second Amendment claims. *See, e.g.*, *Harley v. Wilkinson*, 988 F.3d 766 (4th Cir. 2021) (employing the now invalid two-part test described below), *abrogated by Bruen*, 597 U.S. at 19 n.4. "At the first step, the government [could] justify its regulation by 'establish[ing] that the challenged law regulates activity falling outside the scope of the right as originally understood.'" *Bruen*, 597 U.S. at 18 (second alteration in original) (quoting *Kanter v. Barr*, 919

3

F.3d 437, 441 (7th Cir. 2019)). "If the government c[ould] prove that the regulated conduct f[ell] beyond the Amendment's original scope," the circuit courts ended the analysis and concluded "the regulated activity [wa]s categorically unprotected." *Id.* (quoting *United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012)). If the government failed to prove the regulated conduct fell beyond the Amendment's original scope, however, the circuit courts proceeded to step two and considered "how close the law c[ame] to the core of the Second Amendment right and the severity of the law's burden on that right." *Id.* (quoting *Kanter*, 919 F.3d at 441).

In *Bruen*, the Supreme Court held this approach was "one step too many" and instead set forth the standard described above. *Id.* at 19. The Supreme Court recognized the first step of the predominant circuit court framework was "broadly consistent with *Heller*, which demands a test rooted in the Second Amendment's text, as informed by history." *Id.* But, the Supreme Court determined *Heller* and its successor, *McDonald*, fail to support the second step. *Id.* Instead, "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.*; *see United States v. Rahimi*, 602 U.S. 680, 692 (2024) ("[T]he appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition.").

Further informing this Court's analysis is a recent decision by the Fourth Circuit rejecting a facial challenge to Section 922(g)(1). In *United States v. Canada*, the Fourth Circuit held "Section 922(g)(1) is facially constitutional because it 'has a plainly legitimate sweep' and may constitutionally be applied in at least *some* 'set of circumstances.'" 123 F.4th 159, 161 (4th Cir. 2024. 258 (quoting *Wash. State Grange*, 552 U.S. at 449)). The Fourth Circuit acknowledged "[t]he law of the Second Amendment is in flux, and courts (including this one) are grappling with many difficult questions in the wake of [*Bruen*] and [*Rahimi*]." *Id.* Nevertheless, the Court

4

determined "the facial constitutionality of Section 922(g)(1) is not one of them." *Id.* Importantly, the Court explained "[n]o federal appellate court has held that Section 922(g)(1) is facially unconstitutional, and we will not be the first." *Id.*

To recap, similar discussion regarding felon-in-possession and comparable statutes appears in three different opinions: *Heller*, *Bruen*, and *Canada*. By distinguishing non-law-abiding citizens from law-abiding ones, the dicta in *Heller* clarifies the bounds of the plain text of the Second Amendment. This, coupled with *Bruen*'s focus on the Second Amendment rights of "law-abiding" citizens, 597 U.S. at 31, and the Fourth Circuit's analysis in *Canada*, convinces the Court Section 922(g)(1) fails to infringe on any Second Amendment rights. Therefore, the Court rejects Beaufort's facial challenge.

### B.     *Whether Section 922(g)(1) is unconstitutional as applied to Beaufort*

Beaufort next argues Section 922(g)(1) is unconstitutional as applied to him because he fails to pose a danger to the community. More specifically, Beaufort asserts "[a]pplication of [Section] 922(g) to him, given his individual circumstances, impermissibly restricts conduct that falls outside the government's objection of 'reducing domestic gun violence.'" Motion at 26 (quoting *United States v. Chapman*, 666 F.3d 220, 230 (4th Cir. 2012)).

Conversely, the government maintains the Second Amendment's protections fail to extend to the possession of firearms by convicted felons. Even assuming the Second Amendment's protections so extended, however, the government maintains Section 922(g)(1) comports with the Nation's historical tradition of firearm regulation and is therefore constitutional under *Bruen*.

After *Heller*, the Fourth Circuit in *United States v. Moore*, 666 F.3d 313, 317–18 (4th Cir. 2012), rejected an as-applied challenge to Section 922(g)(1) based on the *Heller* Court's statements that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the

possession of firearms by felons" and that restrictions on felons possessing firearms are "presumptively lawful regulatory measures." *Heller*, 554 U.S. at 626, 627 n.26. Critically, "*Moore* left open left open the 'possibility' that some hypothetical challenger could 'rebut the presumptive lawfulness of [Section] 922(g)(1) as applied' to that person." *United States v. Hunt*, No. 22-4525, 2024 WL 5149611, at *3 (4th Cir. Dec. 18, 2024) (quoting *Moore*, 666 F.3d at 320).

The Fourth Circuit's subsequent decisions, however, "repeatedly rejected such challenges, including those brought by 'allegedly non-violent felons.'" *Id.* (quoting *United States v. Pruess*, 703 F.3d 242, 245 (4th Cir. 2012)). Indeed, the Fourth Circuit "ultimately held a felon cannot be returned to the category of law-abiding, responsible citizens for the purposes of the Second Amendment . . . unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful[.]" *Id.* (internal quotation marks omitted) (quoting *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017)).

Notably, *Bruen* "'did not mention felons or [S]ection 922(g)(1),' and it described its holding as 'consistent with' and '[i]n keeping with' *Heller*." *Hunt*, 2024 WL 5149611, at *4 (first quoting *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024); and then quoting *Bruen*, 597 U.S. at 10, 17). !!"And most recently, in [*Rahimi*], the [Supreme] Court reiterated *Heller*'s pronouncement that prohibitions, like those on the possession of firearms by felons and the mentally ill, are presumptively lawful." *Id.* (internal quotation marks omitted) (quoting *Rahimi*, 602 U.S. at 682). Considering this precedent, the Fourth Circuit determined "*Bruen* and *Rahimi* . . . provide no basis . . . to depart from [its] previous rejection of the need for any case-by-case inquiry about whether a felon may be barred from possessing firearms." *Id.* In other words, "neither *Bruen* nor *Rahimi* abrogates [the Fourth Circuit's precedent foreclosing as-applied challenges to Section 922(g)(1) and those decisions thus remain binding." *Id.* at *3.

Based on the foregoing precedent, the Court is convinced Section 922(g)(1), as applied to Beaufort, fails to infringe on his Second Amendment rights. The Court therefore rejects Beaufort's as-applied challenge, as well.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Beaufort's motion to dismiss, ECF No. 47, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 8th day of January 2025, in Columbia, South Carolina.

                                             s/ Mary Geiger Lewis
                                             MARY GEIGER LEWIS
                                             UNITED STATES DISTRICT JUDGE